SKIBA LAW GROUP, PLC
85 W. Combs Road, Suite 101-440
Queen Creek, Arizona 85140
T: (480) 420-4028  F: (480) 302-7844
Email: john@skibalaw.com
John N. Skiba, Esq. #022699
Counsel for the Debtor(s)

THIS ORDER IS APPROVED.

Dated: April 12, 2012

James M. Marlar, Chief Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## IN AND FOR DISTRICT OF ARIZONA

| In re: | Chapter 13 Proceedings |
|---|---|
| Scott Alan Dickinson, | Case No: 2:11-bk-4711-JMM |
| Debtor(s). | STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN**. Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtor shall make the following monthly Plan payments:

| Months | Amounts |
|---|---|
| 1-60 | $810.00 |

The payments are due on or before the 24th day of each month commencing March 24, 2011. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the

end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their federal and state income tax returns for post-petition years within 30 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) Other Property. None.

In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) Administrative Expenses:

Attorney Fees. Attorney John Skiba of the Skiba Law Group, PLC shall be allowed total compensation of $4,500. All fees listed in section (F)(1) of the Plan are included in the flat fee including adversarial proceedings to avoid the liens on Debtor's residence held by GMAC and HFC-USA.

Counsel received $2,000.00 prior to filing this case and will be paid $2,500 by the Chapter 13 Trustee.

(2) Claims Secured by Real Property:

    a. **U.S. Bank National Association as Trustee for RASC 2005KS10,** secured by a first deed of trust in the Debtor's residence, shall be paid the

-2-

Case 2:11-bk-04711-BMW    Doc 31    Filed 04/12/12    Entered 04/12/12 14:27:09    Desc
Main Document - Chapter 13 Trustee Notice of Submitting Order    Page 2 of 5

prepetition arrearage of $10,479.06 with 0.00% interest. Regular post-petition payments will be made directly by the Debtors to the secured creditor.

b. **GMAC's** interest in Debtor's residence, secured by a second deed of trust in the Debtor's residence, shall be voided pursuant to an adversarial proceeding. Any remaining balance shall be treated as a general non-priority unsecured claim.

c. **HFC-USA's** interest in Debtor's residence, secured by a third deed of trust in the Debtor's residence, shall be voided pursuant to an adversarial proceeding. Any remaining balance shall be treated as a general non-priority unsecured claim.

(3) Claims Secured by Personal Property:

a. **C.A.G. Acceptance, LLC**, secured by a lien in a 2008 BMW 328i, shall be paid $11,982.65 with 5.00% interest. The creditor will receive adequate protection payments of $110.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

(4) Unsecured Priority Claims:

a. **The Department of the Treasury/Internal Revenue Service** will be paid $2,172.00, the total priority claim through the Plan with no interest.

b. **The Arizona Department of Revenue** will be paid $922.00, the total priority claim through the Plan with no interest.

(5) Surrendered Property:

a. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended proof of claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property: **None**.

(6) Other Provisions: **None**.

(7) Unsecured Nonpriority Claims: All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

ORDER SIGNED AND DATED ABOVE

Approved as to Form and Content By:

Russell Brown
2012.04.09
16:09:45 -07'00'
_____
Russell Brown
Chapter 13 Trustee

_____
John N. Skiba, Esq.
Attorney for Debtors

_____ 2/14/12
Sanford Germaine, Esq.
Attorney for C.A.G. Acceptance, LLC

Debtor certifies that all required State and Federal income tax returns have been filed. No domestic support obligation is owed, or if owed, such payments are current since the filing of the Petition.

_____
Scott Dickinson

-4-

(6) <u>Other Provisions</u>: **None**.

(7) <u>Unsecured Nonpriority Claims</u>: All other claims shall be classified as unsecured and nonpriority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING**. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

---

## ORDER SIGNED AND DATED ABOVE

Approved as to Form and Content By:

_____    _____
Russell Brown                  John N. Skiba, Esq.
Chapter 13 Trustee             Attorney for Debtors

_____
Sanford Germaine, Esq.
Attorney for C.A.G. Acceptance, LLC

Debtor certifies that all required State and Federal income tax returns have been filed. No domestic support obligation is owed, or if owed, such payments are current since the filing of the Petition.

_____
Scott Dickinson